stands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced."

The records reflect that appellant was duly admonished concerning the consequences of his pleas, and that he knowingly and intelligently entered such pleas. Consequently, appellant may not now be heard to complain of his decision.

The judgments are affirmed.

Opinion approved by the Court.

U.S. ——, 93 S.Ct. 1411, 35 L.Ed.2d 682, granted certiorari, vacated the judgment of the Court of Criminal Appeals, and remanded the cause to this Court for further proceedings in conformity with their opinion in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

The opinion of the Supreme Court requires us to reverse and dismiss this cause.

The judgment of the trial court is reversed, and the prosecution is ordered dismissed.

**C. W. THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44071.**

Court of Criminal Appeals of Texas.

May 1, 1973.

**Tinnie W. SIMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46147.**

Court of Criminal Appeals of Texas.

May 1, 1973.

Stuart Kinard (on appeal only), Houston, for appellant; Fred Heacock, Houston, Sarah Weddington, Austin, of counsel.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a conviction for abortion; the punishment, two (2) years.

This conviction was affirmed by this Court in Thompson v. State, Tex.Cr.App., 493 S.W.2d 913 (1971). However, the Supreme Court of the United States, ——