## State of Connecticut *v.* Morris Sulman

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued November 13—decided December 5, 1973

*William L. Hadden,* with whom were *Thomas B. Wilson* and, on the brief, *Charles Suisman,* for the appellant (defendant).

*Edmund W. O'Brien,* state's attorney, for the appellee (state).

*Hyman Wilensky,* as amicus curiae.

PER CURIAM. On a jury trial the defendant, a licensed physician, was found guilty of attempting to procure an abortion in violation of the provisions of § 53-29 of the General Statutes, and he has appealed from the judgment rendered on the verdict. A decision as to one of the defendant's many assignments of error is dispositive of the merits of his appeal.

The crime of which the defendant was convicted was committed in March, 1969. At the commencement of his trial, during the trial and on this appeal, the defendant has asserted the unconstitutionality of the statute pursuant to the provisions of which he was convicted.

While this appeal was pending, the question of the constitutionality of § 53-29 was raised in the United States District Court for the district of Connecticut. It was held by that court that the statute was unconstitutional and violative of the fourteenth amendment to the constitution of the United States. *Abele* v. *Markle,* 452 F.2d 1121 (2d Cir.), 342 F. Sup. 800 (D. Conn.). While that case was on appeal to the United States Supreme Court, that court decided the cases of *Roe* v. *Wade,* 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147, and *Doe* v. *Bolton,* 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201, holding that the abortion statutes of Texas and Georgia were unconstitutional. That court noted that § 53-29 of the Connecticut General Statutes was similar to the Texas statute. Thereafter that court vacated the judgment rendered in *Abele* v. *Markle,* supra, and remanded the case to the United States District Court for the district of Connecticut to determine the question of mootness of the appeal. *Markle* v. *Abele,* 410 U.S. 951, 93 S. Ct. 1412,

35 L. Ed. 2d 683, rehearing denied, 411 U.S. 940, 93 S. Ct. 1888, 36 L. Ed. 2d 402. The District Court found that the remanded case was not moot and again declared § 53-29 of the General Statutes to be unconstitutional and enjoined "the defendants, their agents, servants, employees, and attorneys, and those in active concert and participation with them from enforcing any of the provisions of §§ 53-29, 53-30, and 53-31." *Abele* v. *Markle,* 369 F. Sup. 807 (D. Conn.).

Inasmuch as the federal courts have held that the statute pursuant to which the defendant was convicted is unconstitutional, we must conclude that the conviction cannot stand. An offense created by a statute which is unconstitutional in toto is not a crime. *Ex parte Siebold,* 100 U.S. 371, 376, 25 L. Ed. 717; 16 Am. Jur. 2d, Constitutional Law, § 177, and authorities cited. See *People* v. *Frey,* 54 Ill. 2d 28, 294 N.E.2d 257; *Commonwealth* v. *Page,* 451 Pa. 331, 303 A.2d 215; *State* v. *Hodgson,* S.D. , 206 N.W.2d 434; Field, The Effect of an Unconstitutional Statute, pp. 152–53; cf. *State* v. *New Times, Inc.,* 20 Ariz. App. 183, 511 P.2d 196; *Schulman* v. *New York City Health & Hospitals Corporation,* 41 App. Div. 2d 714, 341 N.Y.S.2d 242; *Jobe* v. *State,* 509 P.2d 481 (Okla.); *Thompson* v. *State,* 493 S.W.2d 793 (Tex. Crim. App.).

There is error and the case is remanded with direction to set aside the judgment and render judgment for the defendant.