STATE OF CONNECTICUT *v.* PATRICK MENILLO

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued February 6—decision released March 25, 1975

*Thomas L. Nadeau,* with whom, on the brief, was *Theodore I. Koskoff,* for the appellant (defendant).

*Francis M. McDonald,* state's attorney, with whom was *Joseph A. Hill,* assistant state's attorney, for the appellee (state).

PER CURIAM.   The defendant was tried on an information charging two counts of attempting to procure an abortion and one count of manslaughter arising from one of the attempted abortions charged.   The jury returned a verdict of guilty on the first count of attempting to procure an abortion and could not agree on the second count or the manslaughter count.   The court declared a mistrial as to those two counts.   The defendant has appealed from the judgment rendered on the first count.

On June 2, 1969, the defendant, a non-physician and without any medical training, performed an abortion in a motel room for a fee upon a female in normal good health.   From the time of his arrest to the present, the defendant has claimed that General Statutes § 53-29 under which he was charged and convicted is unconstitutional.

On January 22, 1973, the United States Supreme Court decided the cases of *Roe* v. *Wade,* 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 and *Doe* v. *Bolton,* 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201, holding the abortion statutes of Texas and the abortion statutes, in part, of Georgia unconstitutional. Thereafter, General Statutes §§ 53-29, 53-30 and 53-31 were declared unconstitutional by the United States District Court for the district of Connecticut upon remand of a previously appealed case.   *Abele* v. *Markle,* 369 F. Sup. 807 (D. Conn.).   On December

18, 1973, this court followed the mandate of the federal courts in *State* v. *Sulman,* 165 Conn. 556, 339 A.2d 62.

The state claims that the unconstitutionality of the state abortion statutes in the *Roe* and *Doe* cases is predicated on the rationale that the statutes prohibited abortion operations by competent and licensed physicians upon their professional judgment. The state refers to *Cheaney* v. *Indiana,* 410 U.S. 991, 93 S. Ct. 1516, 36 L. Ed. 2d 189, where, in denying the petition for writ of certiorari, Justice Douglas concurred in the denial of certiorari on the grounds that the petitioner was not a physician and that the decisions in *Roe* and *Doe* were confined to the condition that the abortion, if performed, be based on an appropriately safeguarded medical judgment.

In *Roe* v. *Wade,* supra, 155, the Supreme Court stated that where fundamental rights are concerned, regulations limiting these rights may be justified only by a compelling state interest "and that legislative enactments must be narrowly drawn to express only the legitimate state interests at stake." See also *Kramer* v. *Union Free School District,* 395 U.S. 621, 633, 89 S. Ct. 1886, 23 L. Ed. 2d 583; *Griswold* v. *Connecticut,* 381 U.S. 479, 485, 85 S. Ct. 1678, 14 L. Ed. 2d 510.

The broad language of General Statutes § 53-29[1] is similar to that of the Texas statute which the Supreme Court, because of the fundamental rights involved, declared unconstitutional as a whole and struck down in toto even though it was conceded

[1] General Statutes § 53-29 proscribes an attempt to procure a miscarriage or an abortion by "[a]ny person." The statute makes no exception for medical practitioners.

that statutes tailored to limit the regulations to compelling state interests would be valid and not in violation of constitutional restraints. As Justice Rehnquist points out in his dissent in *Roe,* the statute was struck down as a whole rather than being held unconstitutional as applied to the fact situation before the court as was the previous practice in cases which he cites. *Roe* v. *Wade,* supra, 177–78. Consequently, even though the defendant, as a layman, would certainly be held to answer to an appropriately drawn statute for the attempted abortion performed, General Statutes § 53-29 in its present form cannot meet the test of constitutionality even as applied to the fact situation in this case. In *State* v. *Sulman,* supra, the court ruled that in view of the decisions of the federal courts including that of the United States Supreme Court, General Statutes § 53-29 had to be held unconstitutional in toto. This means that General Statutes § 53-29 as now drawn is null and void, and an offense purportedly created by that statute is not a crime.

There is error and the case is remanded with direction to set aside the judgment and render judgment for the defendant.