STATE OF CONNECTICUT *v.* PATRICK MENILLO

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and MACDONALD, Js.

Argued February 5—decision released June 1, 1976

142

*Thomas L. Nadeau,* with whom, on the brief, was *Theodore I. Koskoff,* for the appellant (defendant).

*Francis M. McDonald, Jr.,* state's attorney, with whom was *Joseph A. Hill,* assistant state's attorney, for the appellee (state).

LOISELLE, J.   On November 11, 1975, the United States Supreme Court granted the state's petition for certiorari, vacated the judgment in *State* v. *Menilllo,* 168 Conn. 266, 362 A.2d 962, and remanded the case for further consideration by this court. *Connecticut* v. *Menillo,* 423 U.S. 9, 96 S. Ct. 170, 46 L. Ed. 2d 152.

On June 2, 1969, the defendant, Patrick Menillo, a nonphysician with no medical training, performed an abortion upon a female in normal good health for a fee of $400. His conviction under General Statutes § 53-29[1] was appealed to this court.   The defendant claimed that the statute was

[1] "[General Statutes] Sec. 53-29.   ATTEMPT TO PROCURE MISCARRIAGE OR ABORTION.   Any person who gives or administers to any woman, or advises or causes her to take or use anything, or uses any means, with intent to procure upon her a miscarriage or abortion, unless the same is necessary to preserve her life or that of her unborn child, shall be fined not more than one thousand dollars or imprisoned in the State Prison not more than five years or both."

unconstitutional. After the trial court's judgment but before this court's opinion, the United States Supreme Court decided *Roe* v. *Wade,* 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147, and *Doe* v. *Bolton,* 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201, holding unconstitutional Texas' abortion statute and part of Georgia's abortion statute. The broad language of § 53-29 was similar to that of the Texas statute which was declared unconstitutional as a whole and struck down in toto. Mr. Justice Rehnquist in his dissent in *Roe* v. *Wade* said (pp. 177–78): "My understanding of past practice is that a statute found to be invalid as applied to a particular plaintiff, but not unconstitutional as a whole, is not simply 'struck down' but is, instead, declared unconstitutional as applied to the fact situation before the Court. *Yick Wo* v. *Hopkins,* 118 U.S. 356 [6 S. Ct. 1064, 30 L. Ed. 220] (1886); *Street* v. *New York,* 394 U.S. 576 [89 S. Ct. 1354, 22 L. Ed. 2d 572] (1969)."

In view of our interpretation of those cases, taking into consideration the literal meaning of the language in the majority opinion in *Roe,*[2] and the comment made in Mr. Justice Rehnquist's dissent, we held that § 53-29 was unconstitutional and "null

---

[2] "Where certain 'fundamental rights' are involved, the Court has held that regulation limiting these rights may be justified only by a 'compelling state interest,' . . . and that legislative enactments must be narrowly drawn to express only the legitimate state interests at stake." *Roe* v. *Wade,* 410 U.S. 113, 155, 93 S. Ct. 705, 35 L. Ed. 2d 147.

"Our conclusion that Art. 1196 [of the Texas penal code] is unconstitutional means, of course, that the Texas abortion statutes, as a unit, must fall. The exception of Art. 1196 cannot be struck down separately, for then the State would be left with a statute proscribing all abortion procedures no matter how medically urgent the case." *Id.,* 166.

and void" in deference to the decisions of the United States Supreme Court. *State* v. *Menillo,* supra; *State* v. *Huntington,* 152 Conn. 701, 702, 204 A.2d 411; *Snyder* v. *Newtown,* 147 Conn. 374, 380, 161 A.2d 770, appeal dismissed, 365 U.S. 299, 81 S. Ct. 692, 5 L. Ed. 2d 688.

The United States Supreme Court has now directed this court to consider further the validity of § 53-29 in light of its holding that when it declared that the Texas statute had to fall "as a unit," that such statement was to be taken in context of the facts on which it was based. The court explained:

"That the Texas statutes fell as a unit meant only that they could not be enforced . . . in contravention of a woman's right to a clinical abortion by medically competent personnel. We did not hold the Texas statutes unenforceable against a non-physician abortionist, for the case did not present the issue. Moreover, the rationale of our decision supports continued enforceability of criminal abortion statutes against nonphysicians. *Roe* teaches that a State cannot restrict a decision by a woman, with the advice of her physician, to terminate her pregnancy during the first trimester because neither its interest in maternal health nor its interest in the potential life of the fetus is sufficiently great at that stage. But the insufficiency of the State's interest in maternal health is predicated upon the first trimester abortion's being as safe for the woman as normal childbirth at term, and that predicate holds true only if the abortion is performed by medically competent personnel under conditions insuring maximum safety for the woman. . . . As far as this Court and the Federal Constitution are concerned,

Connecticut's statute remains fully effective against performance of abortions by nonphysicians." *Connecticut* v. *Menillo,* 423 U.S. 9, 10, 96 S. Ct. 170, 46 L. Ed. 2d 152.

The issue, then, is whether the language of § 53-29, absent any federal constitutional impairment, may be limited so as to exclude physicians from its operation. Guiding the solution is the maxim that this court will strive to interpret a statute so as to sustain its validity, and give effect to the intention of the legislature. *Ferguson* v. *Borough of Stamford,* 60 Conn. 432, 447, 22 A. 782. To determine whether legislation is valid as to one and invalid as to another is consonant with principles long established. See *State* v. *Wheeler,* 25 Conn. 290, 299. By General Statutes § 1-3[3] the legislature has shown its intention that there is to be a presumption of separability of the provisions and of the applications of statutes. See *Burton* v. *Hartford,* 144 Conn. 80, 89–90, 127 A.2d 251. With regard to the separability of provisions, to overcome the presumption it must be shown that the portion declared invalid is so mutually connected and dependent on the remainder of the statute as to indicate an intent that they should stand or fall together; *Amsel* v. *Brooks,* 141 Conn. 288, 300, 106 A.2d 152, appeal dismissed, 348 U.S. 880, 75 S. Ct. 125, 99 L. Ed. 693; and this interdependence would warrant a belief that the legislature would not have adopted the remainder of the statute independently of the invalid portion. *Burton* v. *Hartford,* supra, 90.

---

[3] "[General Statutes] Sec. 1-3. VALIDITY OF SEPARATE PROVISIONS OF ACTS. If any provision of any act passed by the general assembly or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of such act."

Like considerations should be applied where the separability of application to a distinct class of persons is at issue. See *Robert Dollar Co.* v. *Canadian Car & Foundry Co., Ltd.*, 220 N.Y. 270, 278–79, 115 N.E. 711; Stern, "Separability and Separability Clauses in the Supreme Court," 51 Harv. L. Rev. 76, 82–83. "A statute may operate in a manner consistent with constitutional requirements when applied to one set of circumstances, although as to another it may produce a result which makes its operation unconstitutional." *State* v. *Sul*, 146 Conn. 78, 81, 147 A.2d 686.

The exclusion of physicians from the prohibitions of the statute would in no way destroy its effectiveness as to other classes of persons. The invalid inclusion of physicians is not so mutually related to and intrinsically connected with the remainder of the statute as to indicate that the statute would never have been adopted without the inclusion of physicians. Section 53-29 remains applicable to nonphysicians.

The defendant claims that regardless of the decisions in *Roe* and *Doe,* and regardless of the remand in the present case, § 53-29 was declared invalid and its enforcement was enjoined by a three-judge United States District Court in *Abele* v. *Markle,* 369 F. Sup. 807 (D. Conn.), and it cannot be applied to him. This court gives due respect to the persuasiveness of the decisions of the federal District Court in this state, particularly those decisions involving constitutional questions, but two principles must be kept in mind to construe the effect of the *Abele* decision. Firstly, the United States Supreme Court's interpretation of the federal con-

stitution is binding on all federal and state courts. *Kansas City Southern Ry. Co.* v. *Van Zant,* 260 U.S. 459, 43 S. Ct. 176, 67 L. Ed. 348. Secondly, the state is the final arbiter of its own laws. *Wardius* v. *Oregon,* 412 U.S. 470, 477, 93 S. Ct. 2208, 37 L. Ed. 2d 82; *Eisenstadt* v. *Baird,* 405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349. The United States Supreme Court has said that the federal constitution permits the continued enforcement of § 53-29 against nonphysicians. And, by the present decision, this court limits the application of § 53-29 to nonphysicians.

The defendant further claims that under *State* v. *Sulman,* 165 Conn. 556, 339 A.2d 62, no conviction can stand under § 53-29 because *Sulman* recognized that the statute was unconstitutional in toto. The *Sulman* opinion, like this court's first opinion in the present case, interpreted the broad language of *Roe* and *Doe* to require the total invalidation of the statute. The United States Supreme Court's opinion on the state's petition for certiorari in the present case clarifies the extent of the holding in *Roe* and *Doe* and makes clear that those cases do not require such total invalidation. Unlike Menillo, Sulman was a physician. Our holding in *Sulman* remains valid.

The defendant maintains that the effect of *Abele* and *Sulman* is to void the statute in toto. A statute declared unconstitutional, however, is void in the sense that it is unenforceable, but not void in the sense that it is repealed or abolished. "No court can directly set aside an Act of the legislature; and the power to indirectly invalidate legislation is one which in the nature of things can exist in the judicial department only under a constitution in

the American sense, and is limited by the authority from which it is derived; it is not a power of veto or revision, but purely the judicial power of interpretation." *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 259, 47 A. 299, aff'd, 185 U.S. 364, 22 S. Ct. 673, 46 L. Ed. 949. The enactment of § 53-29 was by virtue of the power granted the legislature by the state constitution. The decision in *Sulman* neither depleted the power under which the legislation was enacted nor compelled the repeal of the legislation. The present decision gives effect to the United States Supreme Court's remand of this case for further consideration in light of its decision on the petition for certiorari in which it clarified its holdings in the *Roe* and *Doe* cases and concluded that "[a]s far as this Court and the Federal Constitution are concerned, Connecticut's statute remains fully effective against performance of abortions by nonphysicians." In the light of this clarification § 53-29 was and remains valid and enforceable in its application to nonphysicians. *Mickel* v. *New England Coal & Coke Co.*, 132 Conn. 671, 676, 47 A.2d 187.

Finally, the defendant claims that the continued prosecution of this appeal by the state's attorney is a violation of the injunction of the federal District Court which forbade the defendants in *Abele* v. *Markle,* 369 F. Sup. 807 (D. Conn.) from enforcing any of the provisions of § 53-29. The defendant in the present case was convicted and sentenced before the injunction of the federal court. The only activity carried on while the injunction has been in force has been the appeal proceedings. Further, the injunction does not reach so far as to enjoin the decision of this court on a matter of state law. We

have determined, within the confines of the assignments of error in this appeal, that, as to the defendant, the application of the statute is constitutional.

Accordingly, the judgment of the trial court is affirmed.

There is no error.

In this opinion the other judges concurred.