[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' REQUEST TO REVISE
This case arises out of a motor vehicle accident on February 4, 1988 that is alleged to have caused the death of the plaintiff's decedent. Among the plaintiff's claims for relief is the imposition of double or treble damages pursuant to General Statutes Section14-295. In the instant proceeding, the defendants seek to have the complaint revised in order to eliminate the claim for enhanced damages. The ground for the defendants' request to revise is that Section 14-295 (Rev. 1987), in existence on the date of the accident and death, was declared unconstitutional on March 22, 1988 by the Supreme Court in Bishop v. Kelly, 206 Conn. 608, 620-21. CT Page 109
 I
There is no reason to devote much discussion to the plaintiff's contention that a motion to strike rather than a request to revise is the proper procedural vehicle. More important considerations are at issue. The defendants' position is that as a result of Bishop v. Kelly, the claim for double or treble damages is an immaterial or improper allegation. Practice Book Section 147(2). Although a statute declared unconstitutional is neither repealed nor abolished, it is rendered unenforceable. Bakelaar v. West Haven, 193 Conn. 59,68 n. 6 (1984); State v. Menillo, 171 Conn. 141, 147-48 (1976); see Seals v. Hickey, 186 Conn. 337, 355 (1982).
 II.
In Bishop v. Kelly, supra at 618-21, the Supreme Court held Section 14-295 (Rev. to 1987) to be unconstitutional as an infringement of a party's constitutional right to trial by jury. The statute allowed the court to award double or treble damages where liability was founded upon violations of specified "rules of the road." Such cases are triable to the jury as a matter of constitutional right and, in effect, the statute reserved to the court the question of whether a defendant's conduct was sufficiently gross and culpable to merit an augmentation of the jury's award.
The legislative response to Bishop v. Kelly was the enactment of Public Act 88-229 (now codified as Section 14-295 Rev. to 1989) which did not become effective until October 1, 1988. Public Act 88-229 cured the constitutional defect by providing that one-and-the-same trier of fact, whether court or jury, would determine all of the issues in a case including the existence or nonexistence of facts warranting enhanced damages. But, in enacting Public Act 88-229, the General Assembly went further by eliminating some of the statutory violations upon which claims for double or treble damages could be based, retaining some and adding others. Specifically, Section14-295 (Rev. to 1987) enumerated fourteen different statutory sections that could serve as predicates for an augmented award. Public Act 88-229 reduced that number to nine, only five of which appeared in its predecessor.
The plaintiff can benefit from the legislative action only if the public act can be given retrospective effect. Public Act 88-229 contains no express language as to whether it operates prospectively or retrospectively. The parties have argued and briefed the question in terms of substantive versus procedural legislation.
Whether a statute is substantive or procedural is, at times, difficult to determine. See State v. Clemente, 166 Conn. 501,507-508 (1974). Generally, however, a substantive law creates rights while a procedural one prescribes remedies. Moore v. McNamara, 201 Conn. 16, CT Page 110 22 (1986). In the construction of statutes, the presumptions are that substantive laws operate prospectively only, whereas procedural laws are to be applied retrospectively. Loew's Enterprises, Inc. v. International Alliance of T.S.E., 127 Conn. 415,418 (1941). General Statutes Section 55-3 provides that "[n]o provision of the general statutes not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." But, as noted in Schieffelin Co. v. Department of Liquor Control,194 Conn. 165, 174 (1984), the provisions of Section 55-3 embody a rule of presumed legislative intent and not a legal imperative.
Following Bishop v. Kelly, there have been conflicting Superior Court decisions regarding the application of Public Act 88-229. In Candelaria v. Rodriguez, 15 CLT 11 (1989), and Mancini v. West Hartford, 15 CLT 28 (1989), the public act was held to be substantive legislation in toto and motions to strike claims for double or treble damages were granted. In Martin v. Stomboli, 15 CLT 15 (1989), however, only the predicates for enhanced damages newly appearing in Public Act 88-229 were considered as substantive, while those that were carried over from Section 14-295 (Rev. to 1987) were viewed as procedural.
The decision in Martin v. Stomboli, supra, presents the better reasoned analysis. Each of the statutory violations appearing in Public Act 88-229 that, if supported by appropriate facts, would result in enhanced damages is severable from the others. The same was true of the former Section 14-295. Thus, Public Act 88-229 is legislation that is partially procedural because it left comparable portions of a preexisting statutory scheme intact. See Moore v. McNamara, supra at 22. Or better still, Public Act 88-229 can be interpreted as a law in which the general assembly by carrying over certain causes from one statute to another has manifested an intent that, as to those causes, the new law should be applied retrospectively. See Schieffelin Co. v. Department of Liquor Control, supra at 174.
 III.
At present, the only reference in the complaint to Section14-295 is the prayer for relief. A request to revise based on an identification of the statutory grounds underlying the claim for enhanced damages would certainly be proper. Practice Book Sections 109A, 147(1). Such a request would also aid in bringing the complaint in line with the pleading requirements of Public Act 88-229. The present request to revise, however, cannot be granted. Accordingly, the plaintiff's objection to the defendants' request to revise is sustained.
Barnett, Judge CT Page 111