[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This personal injury action arises out of an automobile accident which occurred on February 3, 1988. The plaintiffs, Walter and Margarie Butcher, in their fourteen count revised complaint filed September 17, 1990, allege that the defendant Melanie Mordasky, while driving a van in the course of her employment by the defendant David Mordasky, d/b/a Stafford Veterinary Center, suddenly crossed the center line of Route 19 in Stafford and collided with a vehicle driven by Walter Butcher. The plaintiffs' complaint includes, in paragraph 2 of their prayer for relief, a claim for double or treble damages pursuant to Conn. Gen. Stat. sec. 14-295, based upon the defendant Melanie Mordasky's alleged violations of Conn. Gen. Stat. secs. 14-218a,14-219, 14-222 and 14-230.
Both defendants Melanie Mordasky and David Mordasky, by separate motions, seek to have paragraph 2 of the prayer for relief stricken on the ground that section 14-295 should not be applied retroactively to an accident which occurred prior to its effective date, October 1, 1988. The defendant David Mordasky dba Stafford Veterinary Center further claims that the plaintiffs have failed to specifically plead deliberate or reckless disregard in the operation of a motor vehicle as required under CT Page 2124 the new statute and that there is no authority for the proposition that double or treble damages under section 14-295
can be assessed to an employer under the doctrine of respondeat superior. Both defendants have filed memoranda of law in support of their respective motions pursuant to Conn. Practice Bk. sec. 155 (rev'd to 1978, as updated October 1, 1990).
The plaintiffs have filed objections to the defendants' motions to strike accompanied by supporting memoranda of law in accordance with Conn. Practice Bk. sec. 155. The plaintiffs argue that the former version of section 14-295, which was declared unconstitutional after the date of the accident, can be applied in this case as it was written. In the alternative, the plaintiffs argue that the current version of section 14-295 can be applied retroactively in this case. The plaintiffs assert that "in no instance would the. . . (l)egislature intend for a gap in coverage to an injured party under the statute".
ISSUE
Should the defendants' motions to strike paragraph 2 of the plaintiffs' claim for relief be granted on the ground that Conn. Gen. Stat. Sec. 14-295 is not to be applied retroactively?
DISCUSSION
A motion to strike is the proper vehicle for challenging the legal sufficiency of a prayer for relief. Conn. Practice Bk. sec. 152(2). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling upon a motion to strike, the court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44
(1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport housing Authority, 208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
On March 22, 1988, the Connecticut Supreme Court, in Bishop v. Kelly, 206 Conn. 608 (1988), declared the former Conn. Gen. Stat. sec. 14-295 unconstitutional because it took away from the jury the factual issue of the amount of damages to be awarded a successful plaintiff, and left the question of whether double or treble damages should be given to the trial judge's discretion, thereby depriving the plaintiff of a trial by jury on all factual questions. Bishop, 208 Conn. at 620-21; see Broderick v. King, 2 CTLR 332 (September 21, 1990, Fuller, J.). In response to the Bishop case, the legislature repealed Conn. Gen. Stat. Sec.14-295 in its entirety and substituted Public Act 88-229 in lieu thereof. Pena-Walzak v. Johnson, 2 CTLR 152 (August 27, 1990, CT Page 2125 Miano, J.). Public Act 88-229, the current version of section14-295, took effect on October 1, 1988. See Conn. Gen. Stat. sec. 2-32.
The repealed section 14-295 provided, in relevant part:
Each person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action.
The current language of Conn. Gen. Stat. Sec. 14-295 (rev'd to 1989) reads as follows:
In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
As stated above, the accident which is the subject of this action occurred on February 3, 1988, before the release of the Bishop decision and before the effective date of Public Act 88-229. This action was filed on January 25, 1990. The plaintiffs' revised complaint alleges violations of Conn. Gen. Stat. secs. 14-218a, 14-219 and 14-222, all of which are enumerated in the current version of section 14-295 but were not listed in the repealed statute, and section 14-230, which was listed in both the current version and the repealed version of section 14-295.
1. Applicability of former section 14-295
The plaintiffs argue that the former version of section14-295, which was declared unconstitutional after the date of the accident, can be applied in this case as it was written at the time of the accident because the "plaintiffs' right to a forfeiture by the defendant vested at the same time as when the plaintiffs' right to a cause of action vested, that is, on February 3, 1988." The plaintiffs quote Conn. Gen. Stat. sec.1-1(t), which provides, in part:
 Repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or CT Page 2126 proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed.
The plaintiffs further argue that there is "a presumption of the separability of the provisions and of the applications of statutes" and that in Bishop, while the court took issue with the method by which double or treble damages was determined, it also held that the standards for awarding multiple damages were not unconstitutionally vague.
"A statute declared unconstitutional. . . is void in the sense that it is unenforceable, but not void in the sense that it is repealed or abolished." State v. Menillo, 171 Conn. 141, 147
(1976). "Unconstitutional" is "(a) self-contradictory expression, since a statute in conflict with the constitution is not law but is wholly void and as inoperative in legal contemplation as if it had never been passed, notwithstanding it has the form and name of law." Ballentine's Law Dictionary 1311-12 (3d ed. 1969). "When a statute is adjudged to be unconstitutional, it is as if it had never been." Id.
The plaintiffs have not addressed the effect of the declaration of unconstitutionality on their argument that the repeal of section 14-295 does not affect the plaintiffs' "vested right to a forfeiture." If section 14-295, as of March 22, 1988, was unenforceable, and thereafter repealed, then the statute cannot be enforced against the defendants in this case as of March 22, 1988.
The plaintiffs, under the former section 14-295, did not have a "right to a forfeiture by the defendant", but rather I merely had the right to seek the imposition of double or treble damages, which would be regarded only if, in the court's discretion, such damages were just. "While the operation of section 14-295 is triggered only by a violation of sections14-230 to 14-242, inclusive, section 14-245 or section 14-247, such a violation does not automatically require the imposition of multiple damages; rather, the determination of whether double or treble damages are `just' is left to the discretion of the trial court." Bishop, 206 Conn. at 612. The former section 14-295
merely provided for the possibility that a plaintiff may recover double or treble damages if the court thought such damages were just. Plaintiffs in this case did not have a "vested right to a forfeiture by the defendants" which could survive the declaration of unconstitutionality and subsequent repeal of former section14-295.
Conn. Gen. Stat. sec. 1-3 provides that "(i)f any provision of any act passed by the general assembly or its application to CT Page 2127 any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of such act." "With regard to the separability of provisions, to overcome the presumption (of separability) it must be shown that the portion declared invalid is so mutually connected and dependent on the remainder of the statute as to indicate an intent that they should stand or fall together. . . and this interdependence would warrant a belief that the legislature would not have adopted the remainder of the statute independently of the invalid portion." State v. Menillo, 171 Conn. at 144; see Burton v. Hartford,144 Conn. 80, 89 (1956).
While prior to the declaration of unconstitutionality it had been clear that the legislature intended that the award of double or treble damages was to be within the court's discretion, the omission of the unconstitutional part of the statute would leave. no indication as to the method of determining whether to award multiple damages. The omission of the unconstitutional phrase would leave the method of determining whether to award multiple damages subject to the court's interpretation. By specifically providing that the award of such damages was within the court's discretion, the legislature had demonstrated its intention that the method of determination would not be left open to the court's interpretation. Since the means of determining whether to award, multiple damages is left unaddressed if the statute is read without the unconstitutional phrase, the statute cannot be applied with the omitted phrase without altering the intent of the legislature. The provisions of the former section 14-295 are not separable so as to allow the plaintiffs in this case to seek double or treble damages under that section.
The plaintiffs cannot seek the award of double or treble damages in this case under the former section 14-295 which was declared unconstitutional in Bishop and subsequently repealed.
2. Retroactive application of current section 14-295
The plaintiffs claim that, given the history of Conn. Gen. Stat. sec. 14-295 of a strong public policy of deterring reckless vehicular misconduct by providing a plaintiff with double or treble damages, it is unlikely that the "(l)egislature intended that an injured plaintiff go unprotected under Section 14-295 by virtue of a revision that codified the common law of recklessness." The plaintiffs further claim that because a violation of Conn. Gen. Stat. 14-230 is included in both versions of section 14-295, "Public Act 88-229 has been construed, with respect to Section 14-230, as procedural legislation that can be applied retroactively."
The plaintiffs also argue, in their memorandum in response CT Page 2128 to defendant David Mordasky's motion to strike, that the revised complaint is "replete with allegations of reckless conduct in the Second, Third, Sixth, Seventh, Ninth and Tenth Counts." The plaintiffs further argue that section 14-295, as amended by Conn. Pub. Acts No. 88-229 "makes no reference to the elimination of liability for a defendant (under the doctrine of) respondeat superior and provides no evidence that the Legislature intended to abrogate the common law in any regard, yet (sic) alone with respect to such an important and venerated common law principle."
Apparently, there has been no appellate determination of whether Conn. Gen. Stat. sec. 14-295 should be applied retroactively to accidents occurring prior to October 1, 1988. There is currently a split of authority on this issue, The majority of superior court decisions have held that section14-295 is not to be applied retroactively. See, e.g., Pena-Walzak, 2 CTLR 152; DiBiaso v. Kelly, 1 Conn. L. Rptr. 495
(April 12, 1990, Schimelman, J.); Agoni v. Holmes,1 Conn. L. Rptr. 681 (May 30, 1990, Flanagan, J.); Janton v. Leland, 2 CTLR 395 (October 2, 1990, Mulcahy, J.). But see Brown v. Rivera,1 Conn. L. Rptr. 112 (December 18, 1989, Lewis, J.); Mallon v. Lano, 4 CSCP 407 (April 25, 1989, Corrigan, J.).
Public Act 88-229 is silent as to whether it is prospective or retroactive in its application. DiBiaso, 1 Conn. L. Rptr. at 495. Where a statute is silent in that regard, the rule to be applied to determine whether it is prospective or retroactive depends, in some measure, on whether it affects substantive or procedural matters. Pena-Walzak, 2 CTLR at 153; see Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 195 (1971). It is the general rule that where a statutory amendment affects substantive, as opposed to procedural, rights it is to be applied prospectively only unless the legislature clearly expresses an intention to the contrary. Moore v. McNamara, 201 Conn. 16, 22
(1986); see DiBiaso, 1 Conn. L. Rptr. at 495.
A comparison of the current version of section 14-295 to the repealed version reveals that Public Act 88-229 effected a number of changes in the law. First, "the new act removes the authority from the court in a jury case to allow multiple damages and reposes this function in the trier of fact. This resting of authority in the trier of fact is the creation of a right which did not appear in the original statute." Pena-Walzak, 2 CTLR at 153. Second, Public Act 88-229 eliminated nine motor vehicle infractions enumerated in the repealed statute and added four new statute which trigger the applicability of section 14-295. See Guiliano; v. Dupre, 1 Conn. L. Rptr. 374, 375 (March 19, 1990, Freed, J.); Broderick, 2 CTLR at 332. Third, the new statute included language, not found in the repealed version of section14-295, which imposed on the injured party who seeks multiple CT Page 2129 damages the obligation to allege that the particular statute was violated "deliberately" or with "reckless disregard." Pena-Walzak, 2 CTLR at 154; see Agoni, 1 Conn. L. Rptr. at 682; Broderick, 2 CTLR at 332. Finally, the injured party must allege that such a violation was a "substantial factor" in causing the injury, death or damage to property. Pena-Walzak, 2 CTLR at 154; see Agoni, 1 Conn. L. Rptr. at 682.
The changes made to Conn. Gen. Stat. sec. 14-295 by the legislature in Public Act 88-229 are substantive in nature. Accordingly, the new section 14-295 should not be applied retroactively to actions, such as this one, arising out of accidents which occurred prior to October 1, 1988, the effective date of Public Act 88-229.
The defendants' motions to strike Paragraph 2 of the plaintiffs' claim for relief are hereby granted.
Scheinblum, J.