Barbara **FLEMMING**, a minor, suing by Darlene B. De Sylva, her mother and next friend, Appellant,

v.

Alva B. **ADAMS**, Anna C. Petteys, Clarence D. Bliss, Hugh E. Chastain, and Bernice S. Frieder, Individually and as Constituting the Colorado State Board of Education, Byron W. Hansford, Individually and as Commissioner of Education for Colorado, and John A. Ogden, Appellees.

No. 8816.

United States Court of Appeals Tenth Circuit.

May 12, 1967.

John T. Maley, Denver, Colo. (Robert A. Schiff, Denver, Colo., with him on the brief), for appellant.

Paul D. Rubner and Richard W. Laugesen, Jr., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., James W. Creamer, Jr., Asst. Atty. Gen., Wormwood, Wolvington, Renner & Dosh, Denver, Colo., with them on the brief), for appellees.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The plaintiff-appellant, a minor suing by her mother, brought this civil rights action against the defendant-appellees in the United States District Court of Colorado, alleging that the appellees had deprived the appellant of rights secured to her by the United States Constitution and seeking compensatory and exemplary damages under 42 U.S.C.A. §§ 1983 and 1985(3).[1] The appellees include the members of the Colorado State Board of Education, the Colorado Commissioner of Education, and a consultant in special education to the Board (referred to hereinafter as the Board).

The facts upon which this action is founded may be summarized from the record as follows: In 1962, the appellant was fifteen years old and a student at a public junior high school in Jefferson County, Colorado. At this time, the appellant suffered from certain physical disabilities which prevented her attendance at school. The appellant was advised that she could apply for special education services for the handicapped authorized by article 22, chapter 123 of the 1953 Colorado Revised Statutes. The Act vested administration in the Board and empowered it to prescribe rules and regulations for establishing special education programs in the local school districts. The Act required that children applying for these services "undergo physical and psychological examination by state accredited personnel" to determine if the child was eligible and would derive benefit from such services.

The Board, pursuant to its rule-making authority, promulgated a rule that eligibility for the special education services must be certified by "a physician licensed to practice medicine in Colorado"; and so construing the statutory term "accredited personnel" to mean a

---

[1]. Sections 1983 and 1985(3) are derived from the Ku Klux Act of 1871, 17 Stat. 13, and are among the earliest federal statutes enacted to protect civil rights.

See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Byrd v. Sexton, 277 F.2d 418 (8th Cir.); Note, 39 N.Y.U.L.Rev. 839 (1964).

physician. The appellant's application bore a certificate of eligibility signed by a chiropractor, and the Board refused to approve her application for this reason. The appellant then filed suit against the Board in a state court seeking an order compelling the Board to approve the application. In Flemming v. Colorado State Board of Education, 400 P.2d 932 (Colo.1965), the Colorado Supreme Court held that "state accredited personnel" included chiropractors because the phrase referred to all persons licensed in Colorado to practice the healing arts. The court then held that the Board's rule was inconsistent with the statute and beyond the Board's power to promulgate. It ordered the Board to process the appellant's application for special education services.

The appellant thereafter filed the instant suit. The first count of appellant's complaint alleges that the appellees deprived her of the right to an education secured by the United States Constitution, thus seeking to assert a cause of action under 42 U.S.C.A. § 1983.[2] The second count of the complaint alleges that the appellees conspired to deny the appellant equal protection of the laws thus attempting to come within 42 U.S.C.A. § 1985(3). The defendant-appellees filed a motion to dismiss the action which was granted by the District Court on the specific ground that the appellant had failed to show a deprivation of any constitutional rights because the right to an education is not guaranteed under the federal constitution.

This court, in Stringer v. Dilger, 313 F.2d 536 (10th Cir.), stated the statutory prerequisites for liability under § 1983 to be that the defendant must have acted "under color of" state or local law, and the plaintiff must have been deprived of constitutional rights, privileges, or immunities. The first statutory prerequi-

site has been satisfied in the case at bar, for the appellees are state officials and employees who acted under authority of Colorado statutes. The appellees here do not contend otherwise. However, the second prerequisite under the statute, deprivation of a constitutional right, has not been met.

The appellant argues that a right to an education is one of the rights secured to her by the United States Constitution, and that the Board deprived her of that right by refusing to approve her application for special education services. Although the importance of education to our democratic society is obvious to all, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), we do not agree that the right to an education is among those rights guaranteed by the federal constitution. The appellant has referred us to no language in the Constitution wherein the right of any person to an education is established, expressly or by implication. We are referred to Supreme Court decisions which the appellant interprets as recognizing a constitutional right to an education. These cases, without exception, were decided by reference to the equal protection clause of the fourteenth amendment to the Constitution. The fourteenth amendment does require that an opportunity for education, "where the state has undertaken to provide it, is a right which must be made available to all on equal terms." Brown v. Board of Education, supra. See also Griffin v. County School Board, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); Byrd v. Sexton, 277 F.2d 418 (8th Cir.). The United States Constitution does not secure to the appellant the right to an education; rather the Constitution secures the appellant's right to equal treatment where the state

2. Section 1983, 42 U.S.C.A., provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**978**

has undertaken to provide public education to the persons within its borders.

By appropriate statute, the Colorado Legislature has undertaken to provide special education services to handicapped children, and it is not suggested on appeal that classification of certain children as handicapped for purposes of determining their eligibility for special education services is unconstitutional. Indeed, the appellant claims to be a handicapped child within the classification drawn by the Colorado Legislature and therefore entitled to the special education services authorized by the Colorado statutes.

■ Although the Colorado State Board of Education is an administrative agency of the state, the statutes under which the Board administered the special education program authorized the Board to exercise quasi-legislative and quasi-judicial powers. In our view, the Board's rule that eligibility for special education services be certified by a physician licensed to practice medicine was a reasonable exercise of the Board's authority under the rather indefinite statutory language providing that physical examinations be performed by "state accredited personnel."

■ Even though the Colorado Supreme Court held that chiropractors were included in the phrase "state accredited personnel," it is manifest that the Board's rule was promulgated in good faith and was applied equally to all applicants until the state supreme court ruled that the Board had misconstrued the statute. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (U.S. April 11, 1967). It appears that the Board promulgated the rule for the sole purpose of performing its assigned governmental duty, administration of the special education program, without any design to harm the appellant or to promote any form of unconstitutional discrimination. Cf. Moran v. Bench, 353 F. 2d 193 (1st Cir.). We find no deprivation of appellant's constitutional rights under 42 U.S.C.A. § 1983, nor do we find

a conspiracy among the appellees to deprive the appellant of equal protection of the laws under 42 U.S.C.A. § 1985(3). The District Court properly dismissed the action.

Affirmed.