566 F.2d 866
 16 Fair Empl.Prac.Cas. 239, 15 Empl. Prac.
Dec. P 7996
Carol C. JOHNSON, Plaintiff-Appellant,
v.
Louis J. LEFKOWITZ, Individually and as New York State
Attorney General and as head of the New York State Law
Department which contains the Real Property Bureau and
Victor S. Bahou, Erse H. Poston and Josephine L. Gambino, as
respectively, President, Member and Member of the New York
State Civil Service Commission and Arthur Levitt, as New
York State Comptroller who as such is Administrative Head of
the New York State Employee's Retirement System, Defendants-Appellees.
 No. 381, Docket 77-7282.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 5, 1977.
Decided Dec. 14, 1977.
 
 Carol C. Johnson, pro se.
 Lillian Z. Cohen, Asst. Atty. Gen., State of New York, and Samuel Hirshowitz, First Asst. Atty. Gen., New York City, of counsel, for defendants-appellees.
 Before KAUFMAN, Chief Judge, and ANDERSON and TIMBERS, Circuit Judges.
 KAUFMAN, Chief Judge:
 
 
 1
 This appeal brings into question the constitutionality of § 70 of the New York State Retirement and Social Security Law which provides for the mandatory retirement of tenured civil service employees at age 70. Carol Johnson, whose position as Senior Attorney in the State Real Property Bureau was terminated pursuant to that provision, seeks its invalidation, claiming that, on its face and as applied, § 70 contravenes the due process and equal protection clauses. We are convinced, however, that the retirement provisions are a reasonable expression of state policy and clearly meet constitutional standards. Accordingly, we affirm Judge Goettel's dismissal of Johnson's complaint.
 
 I.
 
 2
 Johnson's involvement with the New York State civil service began in 1962, when he first applied for the position of Senior Attorney Realty in the Real Property Bureau of the New York State Law Department. Following his successful completion of the required competitive civil service examination, Johnson was interviewed for and given the post. He reported for work on January 10, 1963 and, according to his complaint, his primary duties consisted of reading title abstracts to determine the ownership of property taken by the State for roadways, parks and recreation centers. Johnson remained in this position for over ten years, and his performance was satisfactory throughout. In fact, when he again took the civil service examination in 1968 to qualify for a transfer from Albany to New York City, he received a perfect score.
 
 
 3
 On June 21, 1973, Johnson turned seventy. He was then informed that, pursuant to § 70 of the Retirement Law,[1] he would be mandatorily retired at the end of the month. In pertinent part, § 70 provides that:
 
 
 4
 Any member who attains age seventy shall be retired on the first day of the calendar month next succeeding such event. . . .
 
 
 5
 § 70(c) further qualifies this provision by authorizing the State Civil Commission to "continue" an employee until the age of 78 in incremental periods not to exceed two years. To be eligible for such an extension, the civil servant must receive the approval of the head of his department, be certified as fit, and demonstrate that his retention in service would be advantageous because of his expert knowledge and special qualifications. The employment under § 70(c) of any retired member may be terminated upon sixty days notice.
 
 
 6
 Pursuant to the provisions of § 70(c), Johnson successfully applied for two extensions, and was granted continuances of, respectively, six and three months. His efforts at obtaining a third were unavailing, however, and his employment was terminated on March 31, 1974.
 
 
 7
 Exactly three years later, on March 31, 1977, Johnson commenced this action seeking a declaration that § 70 is unconstitutional on its face and as applied. Johnson's complaint alleged, in exhaustive fashion, that the statutory provision abridges the fundamental right to work; permits the termination of a tenured employee without procedural due process; creates an irrebuttable presumption based upon age; results in a denial of equal protection; impairs the contractual relationship of tenured civil service employees; constitutes cruel and unusual punishment; and permits an unconstitutional delegation of authority to those who must administer it. Johnson also claimed that the action of the Attorney General in refusing to grant him a further extension of his employment was arbitrary, and contrary to the spirit of § 70(c). Beyond a declaration of his rights, Johnson sought an order reinstating him to his position, awarding him back pay and other accrued benefits.
 
 
 8
 The State moved to dismiss the complaint and, on May 16, 1977, Judge Goettel granted its motion. He held that the counts alleging constitutional violations failed to state claims upon which relief could be granted, and that the remaining counts, attacking the Attorney General's refusal to continue Johnson in service, did not constitute issues conferring federal jurisdiction. This appeal followed.
 
 II.
 
 9
 At the heart of Johnson's complaint is his claim that § 70 violates the equal protection clause and creates an impermissible, irrebuttable presumption. Yet, these very contentions have been rejected in a variety of contexts by virtually every court considering them, including the Supreme Court and this court. See Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (mandatory retirement of state police officers at age fifty); McIlvaine v. Pennsylvania, 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (1974) (mandatory retirement of state police officers at age sixty); Rubino v. Ghezzi, 512 F.2d 431 (2d Cir.), cert. denied, 423 U.S. 891, 96 S.Ct. 187, 46 L.Ed.2d 122 (1975) (mandatory retirement of state court judges at age 70); Weisbrod v. Lynn, 383 F.Supp. 933 (D.D.C.1974), aff'd 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975) (mandatory retirement of federal civil service employees at age seventy).
 
 
 10
 These cases uniformly instruct that age is not a suspect classification requiring strict scrutiny of the state's scheme of age restrictions. See also Weiss v. Walsh, 324 F.Supp. 75 (S.D.N.Y.1971), aff'd, 461 F.2d 846 (2d Cir. 1972), cert. denied, 409 U.S. 1129, 93 S.Ct. 939, 35 L.Ed.2d 262 (1973). And, in addition, they clearly establish that the Constitution does not afford any individual a protected right to public employment. See also Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Accordingly, the state need only articulate a rational basis for its statutory scheme. It would appear without question that § 70 is reasonably related to legitimate state interests in efficiency and economy. A mandatory retirement policy allows department heads to plan the training and advancement of their employees, and motivates young workers to acquit themselves well and to progress through the ranks. And the statute before us, which permits some employees to continue in their jobs until the age of 78, serves these legitimate state purposes without needless prejudice to the greater number of qualified employees.
 
 
 11
 Johnson's argument that § 70 establishes an irrebuttable presumption is substantially the same as his equal protection claim. Moreover, it is now clear that the applicability of the so-called irrebuttable presumption doctrine is limited to those cases involving suspect classifications. See Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Note, The Irrebuttable Presumption Doctrine in the Supreme Court, 87 Harv.L.Rev. 1534 (1974).[2]
 
 
 12
 Apart from his substantive attacks on the retirement provision,[3] Johnson alleges that he was deprived of his tenured civil service position without procedural due process. He claims that he was entitled to a hearing either at the time of his mandatory retirement or at the time his final extension was refused. Appellee suggests that Johnson's due process argument is wholly misguided since his termination affected neither a protected property or liberty interest. We need not, however, reach the state's argument. Assuming arguendo that Johnson's dismissal affected his property or liberty, a determination of constitutionally mandated procedures requires that the interests of the individual in being afforded such safeguards be balanced against the burden to the state in conducting them. It is clear to us that the administrative cost to the state of providing each retiree with a hearing would be enormous, and by far outweigh the hardship to the individual.
 
 
 13
 Finally, Johnson claims that the action of the Attorney General in refusing to recommend his continuance was arbitrary and contrary to the spirit of § 70. This contention raises a question of state law which could have been reviewed in the state courts by way of an Article 78 proceeding. Powell v. Workmen's Compensation Board, 327 F.2d 131, 137 (2d Cir. 1964). Such a claim, simply enough, does not confer federal jurisdiction.
 
 
 14
 In upholding the constitutionality of § 70, we recognize that there are many individuals who wish to continue in their positions past the age of 70 perhaps, beyond the age of 78. The New York State Retirement Law, however, evidences a legislative weighing of the desire of older employees to retain their jobs against the interests of efficiency and economy in the civil service. We cannot say that the balance struck by the legislature is a constitutionally impermissible one. Accordingly, we affirm.
 
 
 
 [1]
 Section 70
 "(b) Any member who attains age seventy shall be retired on the first day of the calendar month next succeeding such event. . . .
 (c) Notwithstanding the provision of subdivision b of this section, the state civil service commission may approve the continuance in service of members who have attained age seventy. Such approvals shall be for periods not to exceed two years each. No such approval shall be given unless:
 
 
 [1]
 The head of the department in which the member is employed shall file a written statement with the comptroller approving such continuance, and
 
 
 [2]
 The medical board shall certify that such member is physically fit to perform the duties of his position, and
 
 
 [3]
 The state civil service commission shall find that:
 (a) Such member is less than seventy-eight years of age, and
 (b) His continuance in service would be advantageous because of his expert knowledge and special qualifications.
 The service of any such member may, however, be terminated at any time by the head of the department in which he is employed, upon sixty days written notice to such member".
 
 
 [2]
 Johnson also makes the ancillary claim that he has been denied equal protection vis-a-vis those individuals over the age of seventy whose service has been continued pursuant to the statute. The status of those employees, however, is not based upon a classification established by the State, but upon case-by-case determinations made by agency heads
 
 
 [3]
 Johnson's claim that the statute constitutes cruel and unusual punishment is frivolous. It is clear that such a contention has no place in the context of a civil proceeding. Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)
 Equally frivolous is his assertion that § 70(c) permits an unconstitutional delegation to those who must administer it. The statute, however, does not confer arbitrary discretion. It contains sufficiently defined standards to guide administrators in the exercise of their duties.