**Frank SMITH, as parent and next best friend of Carl E. Smith**

v.

**Gordon WALSH, Frank Bero and Jerome Silverstein, Individually and as members of the Connecticut Real Estate Commission; Lawrence Hannafin, Individually and as Executive Director of the Connecticut Real Estate Commission.**

Civ. No. H–80–844.

United States District Court,
D. Connecticut.

Aug. 7, 1981.

---

1. The parties informed this Court that they agreed if this were a sole basis for dismissal that this Court should allow plaintiffs to amend

their complaint. As stated, the failure to state a claim upon which relief can be granted is the basis for dismissal.

Thomas J. Shortell, Updike, Kelly & Spellacy, Hartford, Conn., for plaintiff.

Paul M. Shapiro, Robert T. Statchen, Asst. Attys. Gen., Hartford, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

BLUMENFELD, Senior District Judge.

In this action under 42 U.S.C. §§ 1983 and 1985 the plaintiff seeks damages for the decision of the Connecticut Real Estate Commission to deny his application for a real estate license because he was a minor. Plaintiff claims that the decision denied him his rights under the fourteenth amendment to due process and equal protection. The plaintiffs also make a pendent claim based on Carl's alleged "unalienable right to work" under the Connecticut Constitution. The plaintiffs are Carl Smith, the frustrated applicant, and Frank Smith, his father, who acts as next friend for his minor son. The defendants Gordon Walsh, Frank Bero and Jerome Silverstein were members of the Connecticut Real Estate Commission at the time of Smith's application, and defendant Lawrence Hannafin was its Executive Director. Jurisdiction is alleged under 28 U.S.C. § 1343 and the court's pendent jurisdiction.

The defendants have moved to dismiss the complaint, or in the alternative, for summary judgment. Both sides have briefed the issues and have filed affidavits with respect to the motion for summary judgment. The defendants claim:

1. The court lacks subject matter jurisdiction due to the bar of the eleventh amendment;

2. The court lacks personal jurisdiction over defendant Walsh due to insufficient service of process; [1]

3. The complaint fails to state a claim upon which relief may be granted; and

4. a. The defendants are absolutely immune for their actions; or

b. The defendants are immune since they acted in good faith.

### Facts

In 1978, when he was 15 years old, Carl Smith set out to obtain a real estate license. He first successfully completed a real estate course at the University of Connecticut. Then, on December 28, 1978, Carl filed his application for a license with the Connecticut Real Estate Commission. On January 9, 1979, Carl took a written qualifying exam. Upon being informed that he had passed the exam, Carl sent a check for $95 to the Commission to cover the license fee and waited for the license to be approved. On January 11, however, an employee of the Commission informed Carl that his application had been denied because he was a minor. At Carl's request, the Commission held a hearing on February 8 to reconsider the denial. At the hearing defendant Commissioners Walsh, Bero and Silverstein sat as a panel to decide whether the application should be granted. Defendant Executive Director Hannafin presented the agency staff's position to the hearing panel; Smith was represented by Attorney Robert Brill. On February 22, the panel denied Smith's application for a real estate license on the ground that he was a minor, saying,

it would not be in the interest of the public to license any individual who is legally incompetent. Carl E. Smith failed to demonstrate through testimony and other exhibits ... that he could, in fact, transact the business of real estate in such a manner as to safeguard the interest of the public.

On March 13, Smith appealed this decision to the Superior Court, Hartford-New Britain Judicial District. On January 11, 1980, Superior Court Judge James T. Healey ruled that the Commission had misconstrued the law in denying Smith a license on the basis that he was a minor, and he ordered that the Commission issue a license to Smith.[2] The license was then issued.

---

1. Walsh has now been served and this ground has therefore been dropped.

2. Judge Healey decided the case before him on the basis of the law in effect at the time of plaintiff's original application. In October

1979, however, Public Act 79–44 went into effect, providing,

No license as a real estate broker or real estate salesman shall be issued to any person who has not attained the age of eighteen years.

## I. *Eleventh Amendment*

■ Because the plaintiff has claimed in his brief that he does not seek to recover from the State, the defendants have dropped their eleventh amendment objection. Although jurisdiction may not be conferred by agreement of the parties, the court detects no eleventh amendment bar to this suit. The standard to be applied is that a suit for damages against state officials is not barred by the eleventh amendment if the officials are sued in their personal capacities and if the complaint alleges that the officials acted wantonly, maliciously, arbitrarily or outside the scope of their official powers. *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974).

■ Under this standard, it is apparent that Smith's suit against the Commissioners and Executive Director of the Connecticut Real Estate Commission is not barred by the eleventh amendment. The caption to the complaint indicates that defendants are sued individually as well as in their personal capacities. Insofar as the action proceeds under section 1985, plaintiff claims that defendants conspired to deprive him of his civil rights. Such a conspiracy would necessarily be malicious and beyond the scope of defendants' official authority. The eleventh amendment bar is also avoided with respect to the section 1983 action in that the complaint clearly alleges that it was the individual actions of the defendants that caused his injury and that those actions were arbitrary, illegal, beyond the scope of their authority, and in abuse of discretion. *See* Complaint at paragraphs 10, 16, 17, 18,

and 19. The fact that these allegations may be difficult to prove is not the issue on consideration of a motion to dismiss. *Scheuer v. Rhodes*, 416 U.S. at 238, 94 S.Ct. at 1687. To the extent that defendants are sued in their personal capacities, therefore, there is no question but that the eleventh amendment does not bar the suit.

## II. *Failure to State a Claim*

Defendants have moved to dismiss the complaint on the basis that it fails to state a claim under sections 1983 or 1985.[3] The complaint is said to fail to state a claim both on the basis that it is inadequately pleaded and on the basis that the defendants are immune.

### A. *Section 1985*

■ Under section 1985, a plaintiff may recover damages for a conspiracy by two or more persons to deny him equal protection of the law. To state a cause of action under this section, a complaint

> must allege that the defendants did (1) "conspire ..." (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws ..." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of the conspiracy,"

resulting in injury or deprivation of the rights of the plaintiff. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). It is further required that there must be racial or class-based animus [4] behind the conspiracy. *Id.*

---

This act amended 20 Conn.Gen.Stat.Ann. § 20–316. The statute governing qualifications for a real estate license, 20 Conn.Gen.Stat.Ann. § 314 remains silent as to an age requirement. In April 1980, Carl's application for renewal of his license was denied on the basis of Public Act 79–44. Carl has obtained a stay of this decision and is pursuing his appeal of the denial in the state courts.

3. By submitting affidavits, defendants have converted this motion into one for summary judgment.

4. Some district court decisions have suggested that since *Griffin*, which imposed the "class-based animus" requirement, involved a private conspiracy, no such requirement exists with respect to conspiracies carried out under color of state law. *See, e. g., Selzer v. Berkowitz*, 459 F.Supp. 347, 351–52 (E.D.N.Y.1978) ("alternative reason" for denying motion to dismiss); *Puentes v. Sullivan*, 425 F.Supp. 249, 253 (W.D. Tex.1977) (additional ground). The Second Circuit, however, has not adopted this position either before or after the Supreme Court's decision in *Griffin*. *See Regan v. Sullivan*, 557 F.2d 300, 307–08 (2d Cir. 1977) (suit against police

at 102, 91 S.Ct. at 1798; *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir.), *cert. denied sub nom. Dacey v. House*, 436 U.S. 906, 98 S.Ct. 2238, 56 L.Ed.2d 405 (1978); *Marty's Adult World of New Britain v. Guida*, 453 F.Supp. 810, 814 (D.Conn.1978).

The Supreme Court has reserved decision on whether "invidiously discriminatory" class-based animus may encompass discrimination against classes not defined by race. *See Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338. Lower courts which have considered the issue, however, have not limited the scope of section 1985 to racially motivated conspiracies. *See, e. g., Scott v. Moore*, 640 F.2d 708, 718–24 (5th Cir. 1981) (nonunion workers); *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063, 1084–85 (D.Me.1977) (sex). Drawing on the language of *Griffin*, however, the courts have required that the characteristics defining the class be invidious. *See, e. g., Harrison v. Brooks*, 519 F.2d 1358, 1359–60 (1st Cir. 1975); *Arnold v. Tiffany*, 487 F.2d 216 (9th Cir. 1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974).

■ To the extent that the complaint in this case makes any claim that Carl was the victim of class-based animus, it claims that defendants conspired against him because of his age. In order for this case to come within the protection of section 1985 then, the court must hold that distinctions based on a person's status as a minor are invidious.[5] This the court declines to do. Distinctions based on age are not subject to strict scrutiny under the Constitution, but rather pass constitutional muster if they have a rational basis. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976) (per curiam). Distinctions between minors and adults are even more likely than other age distinctions to be valid since they distinguish between groups of people with markedly different legal rights and responsibilities. Furthermore, the characteristics which define the class, unlike the case with race or sex, are not immutable, since those of a particular age inevitably grow older. While this is of small comfort to older persons who are discriminated against because they are old, those discriminated against on the basis of youth suffer only a temporary disability. *See Felix v. Milliken*, 463 F.Supp. 1360, 1373 (E.D.Mich.1978) (21-year-old drinking age not a violation of equal protection).

In *Pavlo v. Stieffel*, 22 FEP Cases 489 (S.D.N.Y.1979), a plaintiff who was under 40, but who claimed that he had been fired to justify the firings of people over 40, sued under section 1985. Judge Broderick held that classifications based on age, "at least in the employment context," were inherently invidious since Congress had passed the ADEA. *Id.* *Pavlo* is easily distinguishable, since it involved a firing decision, not a licensing procedure, and since the plaintiff claimed to have been harmed by illegal discrimination against others. But the decision also seems wrong, at least as applied to persons not themselves protected by the ADEA. Although Congress has acted to protect those between 40 and 70 from discrimination in employment based on age, it has not sought to prohibit discrimination based on age in any context with respect to

officers); *Kletschka v. Driver*, 411 F.2d 436, 447 (2d Cir. 1969) (suit against officials of Veterans Administration). The issue was not specifically discussed in either of those decisions. At least one circuit court subsequent to *Griffin* has, however, specifically rejected the position that class-based animus is not required in such a case, *see Lesser v. Braniff Airways, Inc.*, 518 F.2d 538, 543 (7th Cir. 1975), while one has implicitly rejected it, *see Crowe v. Lucas*, 595 F.2d 985, 990 (5th Cir. 1979). Since the plaintiff in this case has also brought an action under section 1983, which imposes no requirement of class-based animus, this court need not resolve the issue. *See Merrow v. Goldfarb*, Civil No. H–80–332, slip op. at 7, n.1 (D.Conn. June 25, 1981). This is especially true since there are other deficiencies in plaintiff's allegations under section 1985. *See* note 6 *infra*.

5. To the extent that Smith claims that he was conspired against as a person under the age of 16, class-based animus is even less apparent.

those outside that age group. The court declines to follow *Pavlo* but holds instead that alleged conspiracies based on a person's status as a minor do not state a cause of action under section 1985.[6] *Accord Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643, 650 (D.N.H.1977) (Bownes, J.)

## B. *Section 1983*

■ A cause of action is stated under section 1983 if it is alleged that defendants acted under color of state law and that the plaintiff was deprived by their acts of some right, privilege, or immunity under the laws or Constitution of the United States. *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 136 (2d Cir. 1964); *Reilly v. Leonard,* 459 F.Supp. 291, 296 (D.Conn.1978).

### 1. *State Action*

■ There can be little doubt that the state action requirement is met in this case. Defendants are all officials of the Connecticut Real Estate Commission, which is established by state statute, 20 Conn.Gen.Stat. Ann. § 20–311 *et seq.* (West Cum.Supp. 1981). The actions defendants are alleged to have taken were in the exercise of their official duties.

### 2. *Deprivation of Right*

Plaintiff's claim falters, however, on the substantive issue. The complaint alleges that Smith's application for a real estate license was denied because he was a minor, because he was under 16 years of age, and because he was not available to work on a full-time basis. The decision is alleged to have deprived Smith of due process and equal protection of law under the fourteenth amendment.

#### a. *Equal Protection*

Though plaintiff has not clearly alleged the basis of his equal protection claim, there are only two possible grounds disclosed by his complaint. First, his claim may be that he is denied equal protection as a minor, since his application was apparently turned down on the basis of that status. Second, he may claim that he has not been afforded equal treatment with other similarly situated minors, since he alleges that others have been granted licenses.

The claim that since he met the qualifications to obtain a real estate license in all other respects, Smith had a right not to be denied a real estate license on the basis of his status as a minor is clearly without merit. As noted above, distinctions based on age are permissible if they "rationally further[ ] the purpose identified by the State . . . ." *Massachusetts Board of Retirement v. Murgia,* 427 U.S. at 307, 314, 96 S.Ct. at 2562, 2567, 49 L.Ed.2d 520; *see Malmed v. Thorburgh,* 621 F.2d 565, 569–73 & 577 n.18 (3d Cir.), *cert. denied,* 449 U.S. 955, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980); *Johnson v. Lefkowitz,* 566 F.2d 866, 868–69 (2d Cir. 1977) (Kaufman, C. J.), *cert. denied sub nom. Johnson v. Abrams,* 440 U.S. 945, 99 S.Ct. 1421, 59 L.Ed.2d 633 (1979). Nor is there any fundamental right to obtain a license to practice a certain profession, *see, e. g., North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc.,* 414 U.S. 156, 164–67, 94 S.Ct. 407, 412–14, 38 L.Ed.2d 379 (1973). Accordingly, the Real Estate Commission's denial of a license to Smith on the basis that he was a minor did not violate his right to equal protection if there was a rational basis for that distinction. The fact that the Commission's decision was later found by a court to be an erroneous application of the statute is not relevant to this issue. *See Flemming v. Adams,* 377 F.2d 975, 978 (10th Cir.), *cert. denied,* 389 U.S. 898, 88 S.Ct. 219, 19 L.Ed.2d 216 (1967).

The reason for the Real Estate Commission's denial of a license to Smith was identified in the Commission's decision. It was

---

**6.** Because this result has been reached no further consideration need be given to plaintiffs' section 1985 claim. It may be noted, however, that the complaint in this case states only "vague and conclusory allegations . . . of a conspiracy," *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964), and is subject to dismissal on that basis. *Id.; Velilla v. United Technologies Corp.,* Civil No. H–81–59, slip op. at 6 (D.Conn. June 12, 1981) (Clarie, C. J.).

that "it would not be in the interest of the public to license any individual *who is legally incompetent.* Carl E. Smith failed to demonstrate through testimony or other exhibits ... that he could, in fact, transact the business of real estate in such a manner as to safeguard the interest of the public." Complaint at paragraph 10 (emphasis added). As a minor, Carl Smith could avoid his contracts. Thus the Commission determined that Smith was not eligible for a real estate license under the statute which authorizes licenses for those "who are competent to transact the business of a real estate broker or real estate salesman in such a manner as to safeguard the interest of the public." Conn.Gen.Stat.Ann. § 20–314(a). Since as a real estate salesman Smith could enter into contracts which he could legally avoid, the Commission believed that this standard was not met. A more rational basis for a decision involving an age classification could hardly be hoped for. *Cf. Felix v. Milliken,* 463 F.Supp. 1360, 1376–82 (21-year-age requirement for drinking rationally related to concern for traffic safety).

Smith's only other contention is that since the Real Estate Commission has granted licenses to minors in the past, he has been singled out for arbitrary treatment. The defendants do not deny the complaint's allegation that other minors had been granted licenses, but the affidavit of defendant Hannafin, filed in support of defendants' motion for summary judgment, states that "[t]o the best of my knowledge, a real estate salesman's license has never been granted to an individual under sixteen years of age." Smith was 15 at the time of his application. Smith's affidavit in opposition to the motion for summary judgment does not dispute Hannafin's statement. The only issue, then, is whether Smith, at age 15, had a right to be treated the same as those who were 16 or over.

In light of the above discussion of the minimum scrutiny afforded age classifications, this is not a difficult problem to resolve. The distinction may not be supported by the same rationale as that between minors and adults, since 16-year-olds may avoid their contracts as well as 15-year-olds. This is not to say, however, that *no* rational basis exists for such a distinction. The members of the Real Estate Commission may well have concluded, either as a general matter, or on the basis of individual determinations, *see Johnson v. Lefkowitz,* 566 F.2d at 866, 868–69 & n.2, that those under 16 lack the maturity required of a real estate salesman to adequately protect the interests of the public. Such a decision is rationally related to the achievement of legitimate governmental interests and is therefore unassailable on equal protection grounds in a case such as this which involves neither a suspect class nor a fundamental right.

The complaint and Smith's affidavit also claim that Smith's application was turned down because Smith was not available to work on a full-time basis. Smith has not stated, however, on what basis this allegedly violates his right to equal protection. (For instance, he has not claimed that other applicants who could work only part time were granted licenses.) Nor has he argued this point in his brief. The court must conclude, therefore, that to the extent that this claim has any conceivable merit, it has been abandoned.

b. *Due Process*

Smith's complaint states that the defendants' decision denied his right to due process. Again, it does not say in what respect, and the point is not argued in his brief. There is certainly no valid claim for a denial of procedural due process. Smith was afforded a hearing at which he was represented by counsel, was allowed to present evidence, and was given the right to cross-examine witnesses. Furthermore, the Commission's decision was accompanied by a statement of reasons, and he was allowed to appeal the Commission's decision to a court. The court can only conclude that Smith is attempting to invoke his right to substantive due process. That doctrine is not relevant here. *See North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc.,* 414 U.S. 156, 94 S.Ct. 407, 38 L.Ed.2d 379 (1973).

## C. *Pendent State Claim*

Smith has also asserted a claim against the Commissioners based on his alleged "inalienable right to work" under the Connecticut Constitution. Because Smith's federal claims are without merit, the court declines to exercise its pendent jurisdiction over this claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

### *Summary*

Defendants' motion for summary judgment is granted since there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law.[7]

SO ORDERED.

---

**7.** Because the court has concluded that Smith's complaint fails substantively to state a claim, it need not consider defendants' argument that they are entitled to prosecutorial or judicial immunity under the doctrine of *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Nor need it consider defendants' claims of good faith immunity.