Armand L. ZIMMERMAN

v.

The BOARD OF EDUCATION OF the TOWN OF BRANFORD, et al.

Civ. No. N83–262.

United States District Court, D. Connecticut.

Sept. 25, 1984.

Jeremy G. Zimmermann, Peter J. Lefeber, William H. Prout, Jr., Wiggin & Dana, New Haven, Conn., for plaintiff.

William C. Lynch, William C. Bruce, Lynch, Traub, Keefe & Snow, New Haven, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

ELLEN B. BURNS, District Judge.

*Procedural History*

The plaintiff has asked for declaratory, monetary and injunctive relief for injury alleged to have arisen out of the defendants' denial of plaintiff's application to renew his teaching contract for the academic year 1983–84. The action was brought pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983. Plaintiff has alleged the court's jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4) and the doctrine of pendent jurisdiction.

The plaintiff claims that he has been deprived of a constitutionally protected property right by the actions of the defendant Branford Board of Education in refusing to renew his teacher's contract without following the procedural requirements outlined in the collective bargaining agreement governing the employment of Branford teachers and in Conn.Gen.Stat. § 10–151. He has further alleged that Conn.

Gen.Stat. § 10–183w of the Teacher Retirement Act violates the Federal and State Constitutions for failure to provide standards to limit the discretion of either the local board of education or the Teacher Retirement Board.

The defendants moved to dismiss under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted, maintaining that plaintiff has raised no viable federal constitutional claim and asserting, therefore, that pendent jurisdiction should be denied. Defendants have also moved to dismiss under Rule 12(b)(7), claiming that the plaintiff failed to join the Connecticut State Teachers' Retirement Board as an indispensable party defendant required by F.R.C.P. 19.

On June 27, 1983, oral argument was heard on defendants' Motion to Dismiss and an evidentiary hearing was held on plaintiff's Motion for Preliminary Injunction. On July 11, 1983, the plaintiff accepted a teaching position with The Country School in Madison, Connecticut, and withdrew his Motion for Preliminary Injunction. Thus, the only issue before the court at this time is the defendants' Motion to Dismiss. The motion is granted in part. The court abstains as to the remaining portions of plaintiff's complaint.

*Statement of Facts*

Plaintiff is a certified teacher who has been continuously employed by the Branford, Connecticut, school system (the "School Board") since 1958. He acquired tenure as a teacher pursuant to section 10–151(b) of the Connecticut General Statutes. For the purposes of this Motion to Dismiss it is admitted that the plaintiff is a qualified teacher who has competently performed his duties throughout his period of employment by the School Board.

On June 28, 1981, the plaintiff became 70 years old. Aware of the mandatory retirement age imposed on teachers under Connecticut law, Conn.Gen.Stat. § 10–183w,[1] the plaintiff wrote to the School Board in or about January, 1981, to request renewal of his teaching contract for the 1981–1982 school year. Pursuant to § 10–183w the School Board sought and received authorization from the State Teachers' Retirement Board (Retirement Board) to continue the plaintiff's employment. In or about January, 1982, plaintiff requested renewal of his contract for the 1982–1983 school year. Again, the school board sought and received the necessary authorization and renewed plaintiff's contract.

In or about December, 1982, plaintiff sought a third renewal of his contract beyond the mandatory retirement age. This time the School Board decided not to request authorization from the Retirement Board to renew plaintiff's contract. The School Board announced that decision at a public meeting on March 24, 1983, without giving any reason therefor. The plaintiff has repeatedly sought an explanation of the School Board's decision but no explanation, other than his age, has been forthcoming.

Plaintiff's employment with the School Board, both before June, 1981, and thereafter, has been covered by a collective bargaining agreement negotiated between the School Board and the Branford Education Association. That agreement provides for a grievance process and contains a clause prohibiting discrimination based upon age and a requirement that the procedures of the Teacher Tenure Statute, Conn.Gen.Stat. § 10–151, shall apply to all terminations of employment or non-renewals of contracts.

*Discussion*

*I. Invalidity of Section 10–183w Under Fourteenth Amendment*

Plaintiff claims that the mandatory retirement provision applicable to teachers is

---

1. Section 10–183w provides:

A member on attaining age seventy shall be retired from service in the public schools, but upon written request of such member's employer, the board may authorize the employment of such member beyond such age. A member employed beyond such age who continues to make mandatory contributions while so employed, shall on retirement receive the retirement benefit computed pursuant to the provisions of sections 10–183f and 10–183g.

facially invalid because it does not afford a hearing prior to the termination of a teacher's employment, it does not provide guidelines to the Retirement Board for deciding whether to authorize the continued employment of a teacher over 70 years old, and treats older teachers differently from younger teachers in not providing a hearing, thus depriving older teachers of equal protection of the laws.

■ Plaintiff's claims that section 10–183w is unconstitutional because it does not provide a hearing and treats older teachers differently from younger teachers are without merit. In *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the Supreme Court clearly established that mandatory retirement laws that do not provide for a hearing do not violate an individual's rights to due process or equal protection. Although *Murgia* involved a mandatory retirement law for policemen, the Second Circuit has found that the rationale of *Murgia* extends to validate mandatory retirement laws for school teachers. *Palmer v. Ticcione*, 576 F.2d 459 (2d Cir.1978). The *Palmer* court noted that a mandatory retirement statute must be upheld if there is any rational basis to support the statute. *Id.*, at 461. The court identified several possible rational bases to support a compulsory retirement statute: predictability in administering pension plans; opening opportunities for young teachers; bringing in young teachers with fresh ideas and techniques.[2] Furthermore, the court noted that it could see no purpose in requiring a hearing for an individual subject to a mandatory retirement statute. *Id.* at 464.

Plaintiff asserts that *Palmer* is not controlling because that case involved a mandatory retirement statute, whereas the Connecticut statute in question is discretionary in that it permits the Retirement Board to authorize the continued employment of a teacher beyond age 70. In *Johnson v. Lefkowitz*, 566 F.2d 866 (2d Cir. 1977), the court dealt with a retirement statute which permitted, but did not require, the state Civil Service Commission to extend an individual's employment if certain conditions were met. The plaintiff in *Johnson* claimed that he was entitled to a hearing and that his denial of a hearing violated his due process rights. Assuming *arguendo* that Johnson had a property or liberty interest warranting due process protection, the court found that the burden on the state of providing every retiree with a hearing outweighed any hardship to the individual. *Id.* at 869. Under *Johnson*, even a discretionary retirement statute does not necessarily give rise to a due process right to a hearing.

■ Plaintiff's claim that the granting of unbridled discretion to the Retirement Board deprived him of due process is also without merit. As was noted by the Supreme Court, *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Id.* at 569. Such a property interest may arise "if there are such rules or mutually explicit understandings that support [an individual's] claim of entitlement to the benefit and that he may invoke a hearing." *Perry v. Sinderman*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

■ Plaintiff appears to claim that such a property interest is created by section 10–183w by its holding out of the possibility of continued employment.[3] He asserts that this possibility creates a sufficient property interest in continued employment

---

**2.** There are also numerous rational reasons why a state might avoid a mandatory retirement law: taking advantage of the proven teaching abilities of an experienced teacher; giving young teachers the opportunity of learning from an older and wiser colleague; capitalizing on the dedication and commitment demonstrated by one who chooses to continue teaching over the possibility of retirement.

**3.** Plaintiff also claims a property right by virtue of the Teacher Tenure Statute, Conn.Gen.Stat. § 10–151. This claim will be discussed in Part II, *infra*.

to give rise to a due process right to a hearing and to a decision based upon clearly defined standards and guidelines. However, a closer examination of section 10–183w discloses that no such property interest is created. First, that section clearly states that a teacher "attaining the age of seventy *shall* be retired from service in the public schools...." (emphasis added). Plaintiff claims that the following clause, which permits a local board of education to seek authorization to continue a teacher's employment from the Retirement Board, creates the necessary interest. Rather than create an interest in a teacher, the clause in question gives an opportunity to the school board to continue a teacher's employment beyond age seventy. Nothing in section 10–183w implies that a *teacher* may apply to the Retirement Board, or suggests that a teacher might have any right to continued employment beyond age seventy.

There are a number of rationales that might have prompted the legislature to give a school board an opportunity to extend a teacher's employment. A general teacher shortage or a dearth of teachers qualified for a particular subject area may require an extension of a teacher's employment. A school board may also recognize that a particular teacher has such experience and training as to make him or her irreplaceable. But whatever reason a school board may have to request authorization to continue employment of a teacher, nothing in section 10–183w implies any limitation on a school board's exercise of its discretion in deciding whether or not to seek such authorization. Furthermore, the clear mandate that a teacher shall be retired, in the absence of a grant of authority by the Retirement Board to the local school board, prevents a teacher from having more than simply "a unilateral expectation" of continued employment. *Board of Regents v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709. Because plaintiff has no protectable property interest under section 10–183w, the lack of a hearing or any legislatively defined standards does not infringe upon any right guaranteed by the Fourteenth Amendment.

## II. Due Process Claim Under the Teacher Tenure Statute

In addition to claiming section 10–183w created a protectable property interest, the plaintiff asserts that the Teacher Tenure Statute, Conn.Gen.Stat. § 10–151, also creates a property interest subject to the due process clause of the Fourteenth Amendment. If such a property interest exists in the plaintiff, the termination of his employment without observance of the statutory procedures required by section 10–151 would constitute a violation of due process. *See Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694 (1972).

As the Supreme Court has frequently noted, the Constitution does not create property interests; rather such interests are created by an independent source such as state law. *Paul v. Davis,* 424 U.S. 693, 710–11, 96 S.Ct. 1155, 1164–65, 47 L.Ed.2d 405 (1976); *Board of Regents v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709. It is clear that section 10–151 does create such a protectable property interest. *Petrovich v. New Canaan Bd. of Educ.,* 189 Conn. 585, 589, 457 A.2d 315 (1983); *Lee v. Board of Education,* 181 Conn. 69, 72, 434 A.2d 333 (1980). However, section 10–151 does not stand alone in the Connecticut Statutes. Any expectation of indefinite continued employment created by section 10–151 is clearly circumscribed by the mandatory retirement provision of section 10–183w. A teacher may reasonably expect that section 10–151 will guarantee continued employment once tenure is achieved unless there exists one of the reasons for termination enumerated in that section. Nonetheless, once that teacher reaches 70 years of age, the expectation of continued employment ends, and is replaced by an expectation of mandatory retirement. The teacher can no longer assert "a legitimate claim of entitlement to job tenure" that brings the due process clause into play. *Perry v. Sinderman, supra,* 408 U.S. at 602, 92 S.Ct. at 2700.

Plaintiff argues that sections 10–151 and 10–183(w) should not be construed together in such a way that the procedural requirements of the Teacher Tenure Statute are superceded by the summary termination of employment in the mandatory retirement provision. Rather, he acknowledges that the mandatory retirement provision may require that an older teacher be treated as "non-tenured", but asserts that such a teacher is still entitled to the notice and hearing requirements applicable to non-tenured teachers. Nothing in the statutes hints at such a change in status. The Connecticut Supreme Court has adopted the position that the teacher tenure system and retirement system should be viewed together as "an integral part of a coordinated plan adopted by the state for its public school systems." *Herzig v. Board of Education*, 152 Conn. 144, 151, 204 A.2d 827 (1964). The teacher tenure statute is designed to create an expectation of continued employment, not just for tenured teachers, but, to a lesser degree, for non-tenured teachers as well. *Petrovich v. New Canaan Board of Educ., supra.* However, the mandatory retirement statute serves to dispel any right to, or expectation of, continued employment once a teacher reaches the age of seventy.[4] These two statutes must be construed as a "coordinated plan" which terminates any right to continued employment once the teacher turns seventy.[5] Plaintiff's contention that rights under section 10–151 survive the effect of section 10–183w is therefore without merit.

### III. Due Process Claims Under Employment Contract

Plaintiff's final due process claim rests upon a right claimed under his employment contract. These rights are said to stem from the collective bargaining agreement as well as from the course of dealing between the parties. It is true that "a mutually explicit understanding" may create a "claim of entitlement" protectable under the Fourteenth Amendment. *Perry v. Sinderman*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699. It is also true, however, that such a mutually explicit understanding cannot create a protectable property interest when the understanding is contrary to the express provisions of regulations and statutes. *Chu v. Schweiker*, 690 F.2d 330, 334 (2d Cir.1982) (citing *Baden v. Koch*, 638 F.2d 486, 492 (2d Cir.1980)). The statutory provision of mandatory retirement is explicit. A contractual provision or mutual understanding contrary to the statutory provision may give rise to a cause of action for breach of contract, but will not give rise to a protectable property interest.

### IV. Constitutionality of Section 10–183w Under the State Constitution

Plaintiff argues that, in enacting section 10–183w, the legislature delegated legislative authority to the Retirement Board without providing standards and guidelines for the exercise of that authority. Such a blanket delegation is said to be a violation of Article Third, § 1 of the Connecticut constitution. Because a finding that section 10–183w was invalid would reinstate plaintiff's federal due process rights under section 10–151, the plaintiff asserts that this court may exercise federal question jurisdiction to declare section 10–183w invalid under the state constitution. Plaintiff correctly alleges that if section 10–183w violates Connecticut's constitution his complaint raises a claim under the Federal Constitution. Without doubt, section 10–151 standing alone would create in plaintiff a protectable property interest and give him a right to due process. If plaintiff is correct in his assertion that section 10–183w is invalid under Connecticut's consti-

---

**4.** *See* Part I, *supra.*

**5.** In *Palmer v. Ticcione*, 576 F.2d 459 (2d Cir. 1978) the court dealt with an identical contention that the New York tenure and mandatory retirement statutes should be read to require a hearing. The court noted that the New York courts that have addressed the issue have found that mandatory retirement statutes are "not inconsistent with or modified by" tenure-type statutes. *Id.* at 464, n. 4. There appears to be no reason why Connecticut would construe its similar statutory provisions in a different manner.

tution, his complaint states a claim under 42 U.S.C. § 1983.

Plaintiff cites a number of state court cases to support his contention that section 10–183w is an invalid delegation of legislative power. These cases, however, dealt with completely discretionary statutes giving the administrative agency authority to determine whether or not to force an individual to retire in the first place. The statute in question presumes retirement at age 70, but allows the agency to continue employment beyond that age. Also as already noted, the discretion exercisable by the Retirement Board involves a right of the school board to reemploy a teacher. Unlike the statutes declared unconstitutional in prior cases, section 10–183w does not give the Board any discretion involving a right of the teacher in continued employment. Furthermore, even if the granting of unfettered discretion is found to be a violation of the State constitution, it is not at all clear that the mandatory retirement provision cannot be severed from the unconstitutional delegation of authority.[6] If severance is appropriate, the mandatory retirement provision would remain and defeat plaintiff's claim to a protectable property right.

Because it is by no means clear that section 10–183w violates Connecticut's constitution, this court is reluctant to resolve this important issue of state law. As the Supreme Court has noted, "where the challenged statute is part of an integrated scheme of related constitutional provisions, statutes, and regulations, and where the scheme as a whole calls for clarifying interpretation by the state courts, we have regularly required the district courts to abstain." *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 84–5 n. 8, 95 S.Ct. 870, 875–6 n. 8, 43 L.Ed.2d 32 (1974). Therefore this court will abstain from deciding the plaintiff's claim that section 10–183w violates Connecticut's constitution.

*V. Pendent State Claims*

Counts Four, Five and Six of plaintiff's complaint present claims based upon state law under the doctrine of pendent jurisdiction.[7] Pendent jurisdiction is exercised as a matter of discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The justification for pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants." *Id.* at 726, 86 S.Ct. at 1139. In light of the court's decision to abstain from deciding plaintiff's claim until a state court determines the validity and effect of section 10–183w, considerations of judicial economy suggest that the same state court resolve plaintiff's state law claims. Accordingly, plaintiff's state law claims are dismissed.

Accordingly, plaintiff's first count, seeking a declaration that Conn.Gen.Stat. § 10–183w violates plaintiff's rights under the United States Constitution is dismissed. Plaintiff's fourth, fifth and sixth counts which present causes of action under state law, are also dismissed. Finally, the court abstains from deciding plaintiff's second and third counts which claim a violation of plaintiff's due process rights and seek a declaration that Conn.Gen.Stat. § 10–183w violates Connecticut's constitution.

SO ORDERED.

---

**6.** *See* Conn.Gen.Stat. § 1–3 which establishes a presumption of severability. *State v. Menillo*, 171 Conn. 141, 368 A.2d 136 (1976).

**7.** Count Three, which seeks a declaration that section 10–183w violates the Connecticut constitution also presents a state claim, but as discussed in Part IV, this count invokes federal question jurisdiction.